IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD HOEFT,

                                                                                  ORDER

                 Petitioner,

                                                                09-cv-119-bbc

    v.

BRUCE JOANIS, NATHANIEL DELEGAN,
JOHN DOE, JOHN DOE Municipality
and JOHN DOE Insurance Company,

                 Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is the sixth of nine proposed civil actions for monetary relief, brought under 42 U.S.C. § 1983, by petitioner Richard Hoeft. Petitioner asks for leave to proceed under the in forma pauperis statute, 28 U.S.C. § 1915. From the financial affidavit petitioner has given the court, I conclude that petitioner is unable to make even a partial pre-payment of the fee for filing this lawsuit. Therefore, I will screen his complaint.

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). However, because petitioner is requesting leave to proceed under the in forma pauperis statute, his complaint must be dismissed if it is legally frivolous, malicious, fails to state a claim upon which relief

1

may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). I conclude that petitioner's claims are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), because he is questioning the validity of a state court conviction.

In his complaint, petitioner alleges the following facts.

ALLEGATIONS OF FACT

At 11:00 a.m. on July 22, 2003, respondents Joanis and Delegan, who are Ashland County Sheriff's Deputies, went to the Douglas County jail to speak with petitioner about some alleged burglaries in Ashland County. Respondent Joanis read petitioner a partial <u>Miranda</u> warning, omitting the part that whatever petitioner said could and would be used against him in court. At approximately 2:00 p.m., respondents removed petitioner from the Douglas County jail and drove him around Douglas, Bayfield, Ashland, Sawyer and Washburn counties. Petitioner was handcuffed, shackled with a restraint chain around his waist and seat-belted in the back seat of the car with the windows rolled up. Respondents drove petitioner around and interrogated him about the alleged burglaries until about 11:30 p.m. Petitioner was not given food, water or any chance to go to the bathroom during the interrogation. At the end of the interrogation, petitioner was fed at a Wendy's restaurant.

Respondent Delegan wrote a statement for petitioner to sign but petitioner initially

2

refused to sign it. Respondent Joanis pulled out his gun and screamed at petitioner that he had to sign it or else Joanis would shoot him. Petitioner then signed the confession. Respondents told petitioner that he had better not tell anybody what had happened. At 11:30 p.m., petitioner was returned to the Douglas County Jail.

## DISCUSSION

Petitioner requests money damages from respondents for violating several of his constitutional rights, including his Fifth Amendment rights under Miranda v. Arizona, 384 U.S. 436 (1966), Fourteenth Amendment due process rights. All of petitioner's claims stem from his allegation that respondents' "interrogation," which resulted in a signed confession, was unconstitutional. Although petitioner's allegations might be sufficient to state a due process claim or Miranda claim, I need not answer that question because Heck v. Humphrey, 512 U.S. 477 (1994) bars petitioner from proceeding on his claims. In Heck, 512 U.S. at 486-87, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." In other words, a §

3

1983 claim for damages is not cognizable if a judgment in favor of the plaintiff "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence." Id. at 487.

From another case petitioner is litigating in this court, Hoeft v. Clark, 08-cv-537-bbc, I am aware that the allegedly unconstitutional confession was a key piece of evidence used against petitioner in his December 2004 conviction in the Circuit Court for Ashland County on three counts of burglary. A decision that the interrogation was unconstitutional would mean that the confession that was the result of the interrogation was unconstitutional, as well, which would imply the invalidity of petitioner's conviction. Moreover, the fact that petitioner is seeking a writ of habeas corpus with respect to his December 2004 conviction establishes that the conviction has not been overturned, as would be necessary to bring his § 1983 claims. Accordingly, petitioner is barred from bringing suit on his claims for monetary relief under § 1983 because they would require decisions on the constitutionality of respondents' interrogation of petitioner. Heck, 512 U.S. at 487.

I note that petitioner also lists "excessive force" as a claim and that a judgment in petitioner's favor on such a claim would mostly likely not imply the invalidity of his conviction. However, there are no allegations from which I can infer that either respondents Joanis or Delegan used excessive force against petitioner. Thus, even though petitioner lists an excessive force claim he has failed to state any such claim.

Furthermore, although petitioner names several John Doe respondents, he does not

4

allege any facts from which an inference may be drawn that any of these John Does were involved in violating any of petitioner's constitutional rights. Accordingly, he fails to state a claim against any John Doe respondents. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995) (liability under 42 U.S.C. § 1983 requires defendant's personal involvement in constitutional violation).

ORDER

IT IS ORDERED that:

1. Petitioner Richard Hoeft's request for leave to proceed in forma pauperis is DENIED on his Miranda and due process claims because those claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994);

2. Petitioner's request for leave to proceed in forma pauperis is DENIED on his excessive force claim for failure to state a claim upon which relief can be granted;

3. This case is DISMISSED and the clerk of court is directed to close the case.

Entered this 30th day of April, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge