IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD HOEFT,

                        Plaintiff,

    v.

BRUCE JOANIS, NATHANIEL DELEGAN,
JOHN DOE, JOHN DOE Municipality
and JOHN DOE Insurance Company,

                        Defendants.

ORDER

09-cv-119-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On April 30, 2009, I denied plaintiff Richard Hoeft's request for leave to proceed in forma pauperis on his claims against defendants Bruce Joanis, Nathaniel Delegan and the John Does because two of his claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994) and he failed to provide any allegations regarding his excessive force claims. Dkt. #3. Plaintiff has filed a motion to reconsider under Fed. R. Civ. P. 59, requesting that the court reconsider its decision and alter the judgment dismissing this case. Dkt. #5. Plaintiff's motion will be denied because it was untimely.

Motions under Rule 59 must be filed no later than ten days after the entry of judgment. Fed. R. Civ. P. 59(e). A litigant's failure to meet the time limits of Rule 59

1

forecloses him from raising in the district court his assertions that errors of law or fact have been made.  See United States v. Griffin, 782 F.2d 1393, 1396 (7th Cir. 1986).

In this case, judgment was entered on April 30, 2009.  The 10-day deadline following the entry of the judgment was May 14, 2009.  (Holidays and weekends are not counted. Fed. R. Civ. P. 6(a)(2).)  Plaintiff's motion was received and date stamped on May 15, 2009. Therefore, plaintiff's motion must be denied as untimely.

Further, even if plaintiff's motion had been timely, it would have been denied.  First, the Heck bar applies to plaintiff's circumstances as I explained in the order on plaintiff's motions to reconsider in a different case, Hoeft v. Joanis, 09-cv-120-bbc.  Second, regarding his excessive force claim, plaintiff does not allege that defendants used any physical force against him.  There can be no viable claim of excessive force if no physical force was used.

2

ORDER

IT IS ORDERED that plaintiff Richard Hoeft's motion to reconsider, dkt. #5, is DENIED.

Entered this 21st day of May, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

3